IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICHARD THOMAS McVAY, also known
as Ricky McVay, also known as Tommy
McVay                                                                                                  PLAINTIFF

v.                                         Civil No. 4:24-CV-04080-BAB

OFFICER TREY BAKER, NCDC; OFFICER
WILLIAM STRICKLAND, NCDC;
LIEUTENANT KARREN GHORMLEY,
NCDC; CAPTAIN STEVE OTTWELL,
NCDC; OFFICER PAULA, NCDC; JANE &
JOHN DOE; and MEDICAL STAFF,                                                         DEFENDANTS

### REPORT AND RECOMMENDATION OF A MAGISTRATE JUDGE

Plaintiff Richard Thomas McVay, a prisoner serving a jail sentence at the Nevada County Detention Center ("NCDC") for a parole violation, filed the above-captioned civil rights action pursuant to 42 U.S.C. § 1983. This Court previously granted Plaintiff's request to proceed *in forma pauperis* ("IFP"). (ECF No. 3). After noting potential legal and factual deficiencies with Plaintiff's original complaint, this Court ordered Plaintiff to submit an amended complaint. (ECF No. 3).

Having now received that Amended Complaint, (ECF No. 6), United States District Court Chief Judge Susan O. Hickey has referred this matter to the undersigned for the purposes of making a report and recommendation on preservice review of the Amended Complaint pursuant to 28 U.S.C. § 1915A(a) of the Prison Litigation Reform Act ("PLRA"). Upon that review and for the reasons outlined below, this Court recommends that Plaintiff's excessive force claim against Defendants Baker, Ghormley, Ottwell, Strickland, and Paula in their individual capacities (claim one) proceed and that all remaining claims (claims two and three) be dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

1

## BACKGROUND

Plaintiff asserts three claims for relief. *See* (ECF No. 6). First, Plaintiff says that on July 17, 2024, Defendant Officer Trey Baker maced him in the face and then Defendants Lieutenant Ghormley, Captain Ottwell, Officer Strickland, and Officer Paula "slammed" him into walls and doors on the way to the intake shower area, causing him injury to his right arm, hand, and right shoulder.

Second, Plaintiff claims that on July 17, 2024, he choked on Tylenol because Defendant Strickland neglected to give him water when he was administering the Tylenol. Plaintiff asserts that he became unconscious and fell off the bench, landing on his head. According to Plaintiff, when he woke up, Defendant Strickland was patting him on the back.

Finally, Plaintiff says that on July 17, 2024, Defendant Ghormley denied his request to call his attorney and his parole officer. Plaintiff also claims that Defendants Paula and Ottwell denied the same request.

Plaintiff identifies all the defendants in their individual and official capacities. He requests compensatory and punitive damages.

## LEGAL STANDARD

Under PLRA, the Court must review a case initiated by a prisoner prior to service of process being issued. The Court must dismiss a complaint, or any portion of it, if it contains claims that: (1) are frivolous, malicious, or fail to state a claim upon which relief may be granted; or (2) seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b).

A claim is frivolous if "it lacks an arguable basis either in law or fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). A claim fails to state a claim upon which relief may be granted if it does not allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp.*

2

*v. Twombly*, 550 U.S. 544, 570 (2007).  A pro se complaint, moreover, is to be given liberal construction, meaning "that if the essence of an allegation is discernable, even though it is not pleaded with legal nicety, then the district court should construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework."  *Stone v. Harry*, 364 F.3d 912, 915 (8th Cir. 2004).  However, "they still must allege sufficient facts to support the claims advanced." *Id.* at 914 (citing *Dunn v. White*, 880 F.2d 1188, 1197 (10th Cir. 1989)).

## DISCUSSION

The Amended Complaint[1] does not explicitly assert any cause of action over which this Court has jurisdiction.  That said, Plaintiff claims that his constitutional rights were violated.  *See* (ECF No. 6).  Thus, this Court considers whether he has established a plausible claim for relief under 42 U.S.C. § 1983.  To state a claim under 42 U.S.C. § 1983, "a plaintiff must allege a violation of a constitutional right committed by a person acting under color of state law."  *Andrews v. City of West Branch, Iowa*, 454 F.3d 914, 918 (8th Cir. 2006).

### A.   Claim 1

Regarding Plaintiff's first claim, he says that the amount of force that was used against him was excessive.  (ECF No. 6).  He also claims that Defendants denied him medical care, interfered with his freedom of speech, and inflicted pain and suffering.  *Id.*

As a threshold matter, Plaintiff fails to assert any facts establishing how the Defendants denied him medical care or interfered with his freedom of speech.  As a convicted criminal defendant serving a jail sentence for a parole violation, this Court analyzes Plaintiff's failure to

---

[1] As Plaintiff was previously cautioned, an amended complaint supersedes, or takes the place of, the original.  *See* (ECF No. 3).  Consistent with this caution, this Court only considers the Amended Complaint in determining whether it states a plausible claim for relief.

provide medical care claim under the Eighth Amendment "deliberate indifference" standard.[2] "To prevail on an Eighth Amendment claim of deliberate indifference to serious medical needs, [the plaintiff] must prove that he suffered from one or more objectively serious medical needs, and that prison officials actually knew of but deliberately disregarded those needs." *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019) (quoting *Roberson v. Bradshaw*, 198 F.3d 645, 647 (8th Cir. 1999)). "Proof of deliberate indifference requires a showing of a mental state akin to criminal recklessness." *Id.* (internal quotation omitted). Here, however, Plaintiff has failed to allege that he suffered from *any* medical need, nor does he plead any facts suggesting that any of the defendants were aware of that medical need but deliberately ignored it.[3] Accordingly, Plaintiff's medical indifference claim should fail.

Similarly, although Plaintiff asserts that the Defendants violated his First Amendment right to freedom of speech, he alleges no facts establishing what he said or describing how the Defendants interfered with that right. To the extent that Plaintiff claims that Defendants retaliated against him in their use of excessive force, "[t]o prevail on [a] First Amendment retaliation claim, [the plaintiff] must show that (1) he engaged in a constitutionally protected activity; (2) that the defendant took adverse action against him that would chill a person of ordinary firmness from continuing in the activity; and (3) that the adverse action was motivated in part by [plaintiff's] exercise of his constitutional rights." *Scheffler v. Molin*, 743 F.3d 619, 621 (8th Cir. 2014) (quoting

---

[2] Even if Plaintiff had been a pretrial detainee at the time of the events giving rise to his claims, this Court would nevertheless consider his medical indifference claim under the same Eighth Amendment "deliberate indifference" standard. *See Jackson v. Buckman*, 756 F.3d 1060, 1065 (8th Cir. 2014) (applying the 8th Amendment "deliberate indifference" standard to a pretrial detainee's medical indifference claim).
[3] While Plaintiff claims that the excessive force incident caused him injury, he alleges no facts suggesting that those injuries would be obvious to a layperson as requiring medical attention and that the defendants deliberately disregarded that need.

4

*Nauche v. City of Park Hills*, 284 F.3d 923, 927-28 (8th Cir. 2022)). But here, again, Plaintiff fails to allege any facts describing what constitutionally protected activity he was engaged in that purportedly precipitated the Defendants' retaliation. Plaintiff's First Amendment claim should therefore similarly fail.

This leaves Plaintiff's claim that Defendants used excessive force against him, intentionally inflicting pain and suffering. Because Plaintiff was a convicted criminal defendant serving a jail sentence on a parole violation at the time, this Court considers Plaintiff's claim under the Eighth Amendment. "When confronted with a claim of excessive force alleging a violation of the Eighth Amendment, the core judicial inquiry is 'whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm." *Santiago v. Blair*, 707 F.3d 984, 990 (8th Cir. 2013) (quoting *Hudson v. McMillian*, 503 U.S. 1, 6-7 (1992)). Here, for the purposes of preservice review pursuant to 28 U.S.C. § 1915A(a), this Court finds that Plaintiff has alleged a plausible excessive force claim against Defendants Baker, Ghormley, Ottwell, Strickland, and Paula.[4]

Plaintiff, however, sues Defendants Baker, Ghormley, Ottwell, Strickland, and Paula in their individual *and* official capacities. "A suit against a government official in his or her official capacity is another way of pleading an action against an entity of which an officer is an agent." *Baker v. Chisom*, 501 F.3d 920, 925 (8th Cir. 2007) (citing *Monell v. Dep't of Social Services*, 436 U.S. 658, 690 n.55 (1978)). In this case, Defendants Baker, Ghormley, Ottwell, Strickland, and

---

[4] A pretrial detainee must only show that the official's use of force was "objectively unreasonable." *Kingsley v. Hendrickson*, 576 U.S. 389, 391-92 (2015). Even if it is later determined that Plaintiff was a pretrial detainee (and not a convicted prisoner) at the time of the events giving rise to his claims, this Court finds that Plaintiff has established a plausible claim—for the purposes of preservice review pursuant to 28 U.S.C. § 1915A(a)—that the Defendants' use of force was objectively unreasonable.

Paula are alleged to be agents of Nevada County. Under § 1983, a municipality cannot be held liable "solely because it employs a tortfeasor." *Bolderson v. City of Wentzville*, 840 F.3d 982, 985 (8th Cir. 2016) (quoting *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658 (1978)). Rather, "[l]iability for a constitutional violation will attach to a municipality only if the violation resulted from an official municipal policy, an unofficial custom, or a deliberately indifferent failure to train or supervise an official or employee." *Id.* at 985 (*citing Atkinson v. Cty. of Mountain View, Mo.*, 709 F.3d 1201, 1214 (8th Cir. 2013)).

Here, there are no facts suggesting that during the events giving rise to Plaintiff's excessive force claims, Defendants Baker, Ghormley, Ottwell, Strickland, and Paula were acting pursuant to some unconstitutional official Nevada County policy. Further, Plaintiff does not allege any facts establishing that the excessive force incident alleged in the Amended Complaint is part of a widespread, persistent pattern of unconstitutional conduct constituting a municipal custom. *Id.* at 986 (to trigger municipal liability based on custom, "the custom must be so pervasive among non-policymaking employees of the municipality that it effectively has the force of law"). Finally, there are no facts establishing that the Defendants' purported use of excessive force was the result of some failure to train or supervise. Accordingly, Plaintiff's official capacity claim against Defendants Baker, Ghormley, Ottwell, Strickland, and Paula should be dismissed without prejudice for failure to state a claim.

**B.     Claim 2**

With respect to claim 2, Plaintiff claims that Defendant Strickland was "improperly trained." (ECF No. 6, p. 6). Plaintiff asserts this claim against Defendant Strickland in his individual and official capacities.

6

A government official, however, is only liable in his individual capacity for his *own* misconduct. *See Parrish v. Ball*, 594 F.3d 993, 1001 (8th Cir. 2010) ("[E]ach government official, his or her title notwithstanding, is only liable for his or her own misconduct."). Here, Plaintiff asserts no facts establishing that Defendant Strickland was a supervising official, responsible for training himself or others. Accordingly, Plaintiff's claim against Defendant Strickland in his individual capacity for "failure to train" should be dismissed.

This leaves Plaintiff's "failure to train" claim against Defendant Strickland in his official capacity. As noted above, an official capacity claim is the equivalent of a claim against the entity for which the defendant is an agent, or, in this case, Nevada County. *See Parrish*, 594 F.3d at 997 (quoting *Elder-Keep v. Aksamit*, 460 F.3d 979, 986 (8th Cir. 2006)). A local government entity such as Nevada County may be subject to § 1983 liability for "inadequate training of its employees where (1) the county's training practices were inadequate; (2) the county was deliberately indifferent to the rights of others in adopting them, such that the failure to train reflects a deliberate or conscious choice by the county; and (3) an alleged deficiency in the training procedures actually caused the plaintiff's injury." *Id.* (quoting *Andrews v. Fowler*, 98 F.3d 1069, 1076 (8th Cir. 1996)) (cleaned up). Here, however, Plaintiff fails to allege how Nevada County's training procedures were inadequate (namely, what was inadequate about them), whether Nevada County was aware of those purported inadequacies, or how those inadequacies caused Defendant Strickland to neglect to give him water with his Tylenol. Plaintiff's official capacity claim for "failure to train" should therefore likewise be dismissed.

### C.     Claim 3

Finally, regarding claim 3, Plaintiff says that Defendants Ghormley and Ottwell denied his requests to contact his parole officer and his attorney in Alaska. (ECF No. 6, p. 7). This Court construes Plaintiff's allegations as an "access to the courts" claim.

The United States Constitution guarantees prisoners a right to access to the courts. *See White v. Kautzky*, 494 F.3d 677, 679 (8th Cir. 2007). "To prove a violation of the right of meaningful access to the courts, a prisoner must establish the state has not provided an opportunity to litigate a claim challenging the prisoner's sentence or conditions of confinement in a court of law, which resulted in actual injury, that is, the hindrance of a nonfrivolous and arguably meritorious underlying legal claim." *Hartsfield v. Nichols*, 511 F.3d 826, 831 (8th Cir. 2008) (citing *White*, 494 F.3d at 680). "To prove actual injury, moreover, "a prisoner must demonstrate that a nonfrivolous legal claim had been frustrated or was being impeded." *Id*. (quoting Lewis v. Casey, 518 U.S. 343, 353 (1996)).

Here, Plaintiff claims the Defendants denied his request to speak to his attorney, who practices and resides in Alaska, when he was incarcerated on a probation violation in Arkansas. Plaintiff also claims that the Defendants denied his request to speak to his parole officer. But Plaintiff does not allege that he suffered *any* injury from allegedly being denied access to his attorney and his parole officer. Accordingly, Plaintiff has failed to establish a plausible "access to the courts" claim. This claim should therefore be dismissed.

### D.     Defendants Jane and John Doe and Medical Staff

This leaves Defendants "Jane and John Doe" and "Medical Staff." While Plaintiff identifies Jane and John Doe and Medical Staff as defendants to this action in the case caption, the body of his Amended Complaint fails to identify what these defendants allegedly did or failed to

8

do in violation of his constitutional rights. *See Ashcroft v. Iqbal*, 556 U.S. 662, 676 (2009) ("Because vicarious liability is inapplicable to . . . § 1983 suits, a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the constitution."). Accordingly, any claims against Defendants "Jane and John Doe" and "Medical Staff" should be dismissed for failure to state a claim.

## CONCLUSION

In sum, having reviewed Plaintiff's Amended Complaint pursuant to 28 U.S.C. § 1915A, this Court recommends that: (1) Plaintiff's excessive force claim (claim 1) against Defendants Baker, Ghormley, Ottwell, Strickland and Paula in their individual capacities **PROCEED**; (2) all other claims be **DISMISSED WITHOUT PREJUDICE**; and (3) Defendants Jane and John Doe, and Medical Staff be **TERMINATED** from this action.

**The parties have fourteen days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL:** Plaintiff's excessive force claim against Defendants Baker, Ghormley, Ottwell, Strickland, and Paula in their individual capacities (claim 1) remains referred.

**DATED** this 20th day of September 2024.

/s/ *Barry A. Bryant*
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE