IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
TEXARKANA DIVISION

RICHARD THOMAS McVAY                                                                                   PLAINTIFF

v.                                         Civil No. 4:24-CV-04080-SOH-BAB

OFFICER TREY BAKER, NCDC, in his individual capacity;
OFFICER WILLIAM STRICKLAND, NCDC, in his individual capacity;
LIEUTENANT KAREN GHORMLEY, NCDC, in her individual capacity;
CAPTAIN STEVE OTTWELL, NCDC, in his individual capacity; and
OFFICER PAULA, NCDC, in her individual capacity;
                                                                                                         DEFENDANTS

## REPORT AND RECOMMENDATION OF A MAGISTRATE JUDGE

Plaintiff Richard Thomas McVay initiated the above-captioned pro se civil rights action pursuant to 42 U.S.C. § 1983 when he was incarcerated in the Nevada County Detention Center ("NCDC"). *See* (ECF No. 1). He proceeds *pro se* and *in forma pauperis* ("IFP"), (ECF No. 3). Pursuant to the provisions of 28 U.S.C. § 636(b)(1) and (3), Chief United States District Judge Susan O. Hickey, referred this case to the undersigned for the purpose of making a Report and Recommendation. This matter is currently before the Court on Plaintiff's failure to prosecute this case and failure to comply with court orders.

## BACKGROUND

Plaintiff initiated this action on July 30, 2024. (ECF No. 1). He did not pay filing fee. Instead, he requested to proceed IFP. (ECF No. 2). Upon initial review of Plaintiff's IFP application pursuant to 28 U.S.C. § 1915A(a), this Court granted Plaintiff's request to proceed IFP and ordered him to submit an amended complaint by August 20, 2024. (ECF No. 3). That order also cautioned Plaintiff that this matter would be subject to dismissal if he failed to update the court with his change of address within thirty days of any such change. *Id.*

On August 20, 2024, Plaintiff submitted an Amened Complaint. (ECF No. 6). Upon

preservice review of the Amended Complaint pursuant to 28 U.S.C. § 1915A(a), this Court recommended that Plaintiff's excessive force claim against Defendants Baker, Ghormley, Ottwell, Strickland, and Paula in their individual capacities proceed (claim one) and that all other claims be dismissed without prejudice for failure to state a claim upon which relief may be granted.  (ECF No. 8).  This Court subsequently ordered service of the Amended Complaint on Defendants Baker, Ghormley, Ottwell, Paula, and Strickland (hereinafter "Defendants").  (ECF No. 9).  Chief District Court Judge Susan O. Hickey later adopted those recommendations without objection.  (ECF No. 15).

On October 18, 2024, the Defendants filed their Answer.  (ECF No. 13).  This Court then ordered the Defendants to either file a motion for summary judgment on the issue of whether the Plaintiff properly exhausted his administrative remedies in accordance with 42 U.S.C. § 1997e(a) by December 23, 2024, or promptly file a notice with the Court advising that they did not intend to pursue that affirmative defense at trial.  (ECF No. 14).  The Court stayed discovery pending resolution of the exhaustion issue.  *Id.*

On December 17, 2024, Defendants filed a Motion for Summary Judgment for Failure to Exhaust Administrative Remedies along with a memorandum and statement of facts, including four exhibits, in support.  (ECF Nos. 16-18).  The next day, this Court ordered Plaintiff to respond to Defendants' Motion for Summary Judgment by January 8, 2025, failing which this matter would be subject to dismissal.  (ECF No. 19).  That Order also included instructions on how to properly respond to a motion for summary judgment.  *Id.*  This Order was not returned as undeliverable.

When that deadline passed without Plaintiff filing a response to the Motion for Summary Judgment or communicating with the Court in any way, this Court entered an order to show cause why this matter should not be dismissed for failure to prosecute.  (ECF No. 20).  The show cause

response deadline was January 31, 2025. *Id.* This Order was also not returned as undeliverable. The deadline to respond to the Court's show cause order has now also passed, and Plaintiff has failed to respond or communicate with the court in any way. Indeed, Plaintiff has not communicated with the Court since he provided a notice of change of address, over four months ago.

## LEGAL STANDARD

Although *pro se* pleadings are to be construed liberally, a *pro se* litigant is not excused from complying with substantive and procedural law. *Burgs v. Sissel*, 745 F.2d 526, 528 (8th Cir. 1984). The Local Rules state in pertinent part:

> It is the duty of any party not represented by counsel to promptly notify the Clerk and the other parties to the proceedings of any change in his or her address, to monitor the progress of the case, and to prosecute or defend the action diligently. . . . If any communication from the Court to a *pro se* plaintiff is not responded to within thirty (30) days, the case may be dismissed without prejudice. Any party proceeding *pro se* shall be expected to be familiar with and follow the Federal Rules of Civil Procedure.

Local Rule 5.5(c)(2).

Further, pursuant to Federal Rule of Civil Procedure 41(b), the district court has discretion to dismiss an action for "failure to prosecute, or to comply with the Federal Rules of Civil Procedure or any court order." *See* Fed. R. Civ. P. 41(b); *Henderson v. Renaissance Grand Hotel*, 267 F. App'x 496, 497 (8th Cir. 2008) (per curiam). Additionally, a dismissal pursuant to Rule 41(b) operates as an adjudication on the merits unless otherwise specified. Fed. R. Civ. P. 41(b); *Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986).

In considering a Rule 41(b) dismissal, the Court must balance: (1) "the degree of [Plaintiff's] egregious conduct;" (2) the adverse impact of the conduct on the Defendants; and (3) the Court's ability to administer justice. *Rodgers v. Curators of University of Missouri*, 135 F.3d

1216, 1219 (8th Cir. 1998) (internal quotations omitted).  In *Rodgers*, the Eighth Circuit set forth the standard the Court must consider before dismissing with prejudice for failure to prosecute:

> Dismissal with prejudice is an extreme sanction and should be used only in cases of willful disobedience of a court order or . . . persistent failure to prosecute a complaint.  [The Court must consider] . . . whether in the particular circumstances of the case, the needs of the court in advancing a crowded docket and preserving respect for the integrity of its internal procedures are sufficient to justify the harsh consequences of forever denying a litigant of his day in court.  However, the [Court] need not [find] that appellant acted in bad faith, only that he acted intentionally as opposed to accidentally or involuntarily.

*Id*.

## ANALYSIS

Here, this Court directed Plaintiff to respond to two court orders—the order directing him to respond to Defendants' Motion for Summary Judgment, (ECF No. 19), and this Court's Order to Show Cause, (ECF No. 20)—but Plaintiff has failed to comply.  Further, Plaintiff's mail has not been returned as undeliverable.  Plaintiff, therefore, has failed to comply with court orders and has failed to prosecute this action.

While Defendants certainly expended resources in this litigation, the Court finds that this matter is still in its early stages.  Indeed, this Court issued an order staying in discovery pending the outcome the exhaustion issue.  *See* (ECF No. 14).  Accordingly, this Court recommends that this matter be DISMISSED WITHOUT PREJUDICE pursuant to Federal Rule of Civil Procedure 41(b) and Local Rule 5.5(c)(2) for failure to comply with the Court's Local Rules and Orders and failure to prosecute this case.

## CONCLUSION

For the reasons discussed above, it is recommended that Plaintiff's Amended Complaint (ECF No. 6) be **DISMISSED WITHOUT PREJUDICE** for failure to prosecute and failure to comply with court orders.

**The parties have fourteen (14) days from receipt of the Report and Recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

**STATUS OF REFERRAL: NO LONGER REFERRED**

**DATED this 7th day of February 2025.**

/s/ Barry A. Bryant
HON. BARRY A. BRYANT
UNITED STATES MAGISTRATE JUDGE